UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LLOYL A. TENNISON,

        Petitioner,

                                    Case No. 17-cv-11447

v.

                                    HON. MARK A. GOLDSMITH

J.A. TERRIS,

        Respondent.
_____/

**OPINION & ORDER**
**(1) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS (Dkt. 1) AND (2) GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Lloyl A. Tennison, confined at the Federal Correctional Institution in Milan, Michigan, filed a pro se petition for the writ of habeas corpus under 28 U.S.C. § 2241 (Dkt.1). The petition challenges Petitioner's enhanced federal sentence for conspiracy to manufacture and to distribute methamphetamine. Because Petitioner's claims cannot be asserted in a petition under § 2241, and because the claims lack substantive merit, the Court denies the petition.

**I. BACKGROUND**

In 2009, Petitioner pleaded guilty in an Illinois state court to possession of material used to manufacture methamphetamine. See 720 Ill. Comp. Stat. § 646/30. In 2012, Petitioner pleaded guilty in the Federal District Court for the Central District of Illinois to conspiracy to manufacture and distribute methamphetamine. See 21 U.S.C. §§ 841(a)(1) and 846. The Government apparently filed a notice under 21 U.S.C. § 851, indicating that Petitioner was subject to an enhanced sentence in light of his state conviction. The Federal District Court then sentenced

Petitioner to a mandatory minimum sentence of twenty years in prison due to Petitioner's prior state conviction.[1]

Petitioner appealed his conviction and sentence, arguing that his state conviction was not prior to his federal conspiracy and, therefore, it should not have been used to increase his federal sentence from ten to twenty years. The United States Court of Appeals for the Seventh Circuit rejected Petitioner's argument and affirmed his conviction and sentence. See United States v. Sidell, 553 F. App'x 619 (7th Cir. 2014). On October 6, 2014, the United States Supreme Court denied Petitioner's application for a writ of certiorari. See Tennison v. United States, 135 S. Ct. 104 (2014).

Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that: (1) he was actually innocent of his conviction, and his trial attorney was ineffective for failing to object to the amount of methamphetamine reported in Petitioner's pre-sentence report; (2) his sentence violated Alleyne v. United States, 133 S. Ct. 2151 (2013), and appellate counsel was ineffective for failing to raise this issue on appeal; and (3) he was actually innocent of the conspiracy charge, and trial counsel provided ineffective assistance at the plea-bargaining stage. The Federal District Court in Illinois found no merit in Petitioner's arguments and denied his motion. See Tennison v. United States, No. 15-1113, 2015 WL 1540990 (C.D. Ill. Apr. 1, 2015).

Finally, on May 5, 2017, Petitioner filed his habeas corpus petition. Relying on Mathis v. United States, 136 S. Ct. 2243 (2016), he alleges that his state conviction was not a "felony drug offense" under 21 U.S.C. § 841(b)(1)(A) and, therefore, it should not have been used as a predicate

---

[1] By default, the mandatory minimum sentence for Petitioner's federal crime was ten years. See 21 U.S.C. § 841(b)(1)(A). That same statute, however, provides that "[i]f any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ." Id.

offense to enhance his federal sentence. Stated differently, Petitioner argues that his prior conviction should not have been used to trigger the 20-year minimum sentence in his federal case because the definition of his state crime is broader than the generic crime described in 21 U.S.C. § 802(44). More specifically, Petitioner contends that the state statute does not require actual involvement with drugs or a controlled substance, but § 802(44) requires the predicate offense to involve actual drugs or controlled substances. Pet. at 3, 6-8 (Dkt. 1).

Petitioner also alleges that the phrase "conduct relating to narcotic drugs . . . or stimulant substances" in § 802(44) is void for vagueness and violates the Due Process Clause of the Fifth Amendment. According to Petitioner, the phrase failed to give him fair notice that a violation of 720 Ill. Comp. Stat. § 646/30 would expose him to an enhanced federal sentence. Pet. at 9-10 (Dkt. 1).

The Government argues in an answer to the petition (Dkt. 6) that Petitioner may not raise his claims under 28 U.S.C. § 2241, that <u>Mathis</u> is irrelevant to Petitioner's claims, and that Petitioner's claims fail on the merits. <u>See</u> Response to Pet. at 3-7 (Dkt. 6). Petitioner replies that the Government's response is frivolous and meritless. <u>See</u> Reply Brief at 1 (Dkt. 7).

## II. ANALYSIS

### A. Section 2241 vs. Section 2255

Petitioner filed his petition under 28 U.S.C. § 2241, which states in relevant part that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A preliminary issue is whether Petitioner may bring his claims under 28 U.S.C. § 2241, as opposed to 28 U.S.C. § 2255. "A challenge to the validity of a federal conviction or sentence is generally brought as a habeas corpus petition pursuant to § 2255, while a petition concerning the manner or execution of a sentence is appropriate under § 2241." <u>Hill v. Masters</u>, 836 F.3d 591, 594 (6th Cir. 2016) (citing

3

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001)); accord Terrell v. United States, 564 F.3d 442, 447 (6th Cir. 2009) (stating that "[s]ection 2255 provides the primary avenue of relief for federal prisoners 'claiming the right to release' as a result of an unlawful sentence") (quoting 28 U.S.C. § 2255(a)); Charles v. Chandler, 180 F.3d 753,755-56 (6th Cir. 1999) (noting that "claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241") (internal and end citations omitted).

Petitioner's grounds for relief challenge his federal sentence, as opposed to the execution or manner in which he is serving his sentence. As such, the proper remedy for his claims is a motion to vacate, set aside, or correct his sentence under § 2255. Petitioner may bring his claims under § 2241 only if the claims fall within the "savings clause" of § 2255, which permits a prisoner to apply for the writ of habeas corpus when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Section "2255 is not 'inadequate or ineffective' merely because habeas relief has previously been denied, a § 2255 motion is procedurally barred, or the petitioner has been denied permission to file a successive motion." Hill, 836 F.3d at 594 (citing Charles, 180 F.3d at 756).

A petitioner may challenge a conviction under § 2241, using the savings clause of § 2255(e), by showing that he is actually innocent of his crime of conviction. Hill, 836 F.3d at 594 (citing Wooten v. Cauley, 677 F.3d 303, 307 (6th Cir. 2012)); see also Bannerman v. Snyder, 325 F.3d 722, 724 (6th Cir. 2003) (stating that "[t]he savings clause may only be applied when the petitioner makes a claim of actual innocence"). But Petitioner is not claiming to be innocent of

4

his crime of conviction; instead, he is challenging the use of a prior state conviction to enhance his federal sentence. Therefore, the exception for claims of actual innocence does not apply here.

In Hill, the Sixth Circuit stated that prisoners may also invoke the savings clause of § 2255 by challenging the misapplication of a sentence enhancement. But the Sixth Circuit limited its decision to the following "narrow subset of § 2241 petitions:" (1) prisoners who were sentenced before the Supreme Court issued its decision in United States v. Booker, 543 U.S. 220 (2005), and made the sentencing guidelines advisory; (2) prisoners who were foreclosed from filing a successive petition under § 2255; and (3) cases in which the Supreme Court changed its interpretation of a statute in a retroactive decision indicating that the prisoner's prior conviction did not qualify as a predicate offense for purposes of a sentence enhancement. Hill, 836 F.3d at 599-600.[3]

Petitioner likely is foreclosed from filing a motion to vacate sentence under § 2255 due to the 1-year statute of limitations or the rules governing second or successive motions. See 28 U.S.C. § 2255(f) (establishing a one-year period of limitation for motions brought under § 2255); § 2255(h) (explaining that second or successive motions under § 2255 must contain newly discovered evidence or rely on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court). Thus, Petitioner arguably has satisfied Hill's second requirement.

Petitioner, nevertheless, has not satisfied the first requirement set forth in Hill because he was sentenced after Booker made the sentencing guidelines advisory, rather than mandatory.

---

[3] Although Hill received an enhanced sentence because he was a career offender, the Court believes that the reasoning in Hill also applies where a federal sentence was enhanced under 21 U.S.C. §§ 841 and 851. See, e.g., Hernandez v. Ormond, No. 17-81-DLB, 2017 WL 4124176 (E.D. Ky. Sept. 18, 2017) (unpublished decision applying Hill to a case like Petitioner's where the defendant was sentenced to a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A); Perez v. Ormond, No. 6:17-72-KKC, 2017 WL 4108922 (E.D. Ky. Sept. 15, 2017) (same).

5

Petitioner also has not satisfied the third Hill requirement because, even though the Supreme Court engaged in statutory interpretation in Mathis, it has not made Mathis retroactive. In Re Conzelmann, 872 F.3d 375, 377 (6th Cir. 2017).

To conclude, Petitioner has failed to satisfy all three requirements for bringing a habeas petition under § 2241 to challenge a misapplication of a sentence enhancement. Therefore, under Hill, he may not use a § 2241 petition to challenge his enhanced sentence. And because he is not claiming to be actually innocent of his federal offense, he has not carried his burden of showing that § 2255 is an inadequate or ineffective remedy.

### B. On the Merits

Even if § 2241 were a proper avenue for Petitioner to challenge his enhanced sentence, his claims lack merit for the following reasons.

#### 1. Whether the Prior Conviction was a Felony Drug Offense

Petitioner alleges first that his state conviction is not a proper basis for enhancing his federal sentence because his state offense is broader than the definition of a "felony drug offense" in § 802(44). Although Petitioner relies on Mathis to support his argument, he was not sentenced under the ACCA, which the Supreme Court interpreted in Mathis. The federal sentencing court enhanced Petitioner's sentence under § 841(b)(1)(A) because Petitioner's criminal history included a prior felony drug offense. Therefore, Mathis is not relevant to Petitioner's case.

Even assuming that the categorical approach applies to sentence enhancements under §§ 841(b)(1)(A) and 851 – a question of law that the Court declines to reach – the Court finds it unnecessary to make a detailed comparison of the state offense and the federal statute. Instead, the Court looks to § 802(44), the analogue to a generic offense in the categorical approach.

Under § 802(44), a "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign

county that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." The Illinois statute in question here reads:

> (a) It is unlawful to knowingly engage in the possession, procurement, transportation, storage, or delivery of any methamphetamine manufacturing material, other than a methamphetamine precursor, substance containing a methamphetamine precursor, or anhydrous ammonia, with the intent that it be used to manufacture methamphetamine.
>
> (b) A person who violates subsection (a) of this Section is guilty of a Class 2 felony.

720 Ill. Comp. Stat. § 646/30.

It is clear from this language, particularly § 646/30(b), that a violation of the statute is a felony. Methamphetamine, moreover, is a stimulant. See United States v. Schrock, 855 F.2d 327, 334 (6th Cir. 1988) (noting that methamphetamine is "a high quality stimulant"). Therefore, the conduct which led to Petitioner's state conviction – possessing, procuring, transporting, storing, or delivering methamphetamine-manufacturing material – was "conduct relating to . . . [a] . . . stimulant substance[]" under 21 U.S.C. § 802(44). Petitioner's conduct fell within the definition of a "felony drug offense" in § 802(44). As such, the federal sentencing court was required to enhance Petitioner's sentence by ten years, and Petitioner has no right to relief on the basis of his first claim.

### 2. Whether the Statute is Void for Vagueness

Petitioner's second and final claim alleges that § 802(44) is void for vagueness and violates the Due Process Clause of the Fifth Amendment. Specifically, Petitioner contends that the phrase "conduct relating to narcotic drugs . . . or stimulant substances" is vague because it failed to give him fair notice that a violation of 720 Ill. Comp. Stat. § 646/30 would expose him to an enhanced federal sentence. Pet. at 9-11 (Dkt. 1).

7

The Supreme Court's cases establish that the Government violates the Fifth Amendment right to due process "by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." Johnson v. United States, 135 S. Ct. 2551, 2556 (2015) (citing Kolender v. Lawson, 461 U.S. 352, 357–358 (1983)). But a court must

> consider whether a statute is vague as applied to the particular facts at issue, for "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982).

Holder v. Humanitarian Law Project, 561 U.S. 1, 18–19 (2010). In other words, "[e]ven if a statute might be vague as it relates to other, hypothetical defendants, courts will not entertain vagueness challenges on behalf of a defendant whose conduct clearly falls within the ambit of the statute." United States v. Kernell, 667 F.3d 746, 750 (6th Cir. 2012).

The statute at issue here, § 802(44), defines a "felony drug offense" as an offense (1) punishable by more than a year (2) "that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." Although hypothetical defendants could consider the phrase "conduct relating to narcotic drugs . . . or stimulant substances" to be vague, the phrase is not vague as applied to the facts in this case. For starters, Petitioner pleaded guilty in state court to possessing material used to manufacture methamphetamine, and in federal court, he pleaded guilty to conspiracy to manufacture and distribute methamphetamine. As a factual basis for his plea in federal court,

> Petitioner said that he "[p]rovided a place for methamphetamine to be manufactured to get payment for a drug addiction." He indicated that he understood the reasons for which the others involved in this conspiracy were using his house and what they were doing. Petitioner told the Court that he only used the methamphetamine produced for personal use and that he was not involved in the sale of the methamphetamine, but he also acknowledged that one of the objects of the

8

conspiracy was to distribute the methamphetamine to other people for profit or sale. When asked, he told the Court that he was not sure how much methamphetamine was involved in the conspiracy. However, Petitioner later confirmed the government's claim that it would prove beyond a reasonable doubt that "the amount of methamphetamine involved in the conspiracy that was reasonably foreseeable was over 500 grams of a mixture and substance containing a detectable amount of methamphetamine" was substantially true.

Tennison, 2015 WL 1540990, at *2 (internal citations to the record omitted). On appeal from his federal conviction, Petitioner did not "dispute that his Illinois conviction in 2009 for possessing materials used to manufacture methamphetamine [was] a felony drug offense for purposes of § 841(b)(1)." Sidell, 553 F. App'x at 621.

These facts – the guilty pleas in state and federal court, Petitioner's admissions at his plea proceeding in federal court, and his failure on appeal to dispute that his state conviction was a felony drug offense – indicate that Petitioner's conduct clearly fell within the ambit of the statute. The facts also suggest that he knew his conduct involving the stimulant methamphetamine was prohibited by law. He cannot now complain that the phrase "conduct relating to narcotic drugs . . . or stimulant substances" in § 802(44) is vague as applied to him.

Furthermore, Petitioner was given fair notice that his state conviction would expose him to an enhanced federal sentence. The Federal District Court in Illinois informed Petitioner at his plea proceeding that he faced a mandatory minimum term of twenty years in prison if he had one prior felony drug conviction. See Tennison, 2015 WL 1540990, at *2. The judge explained that this meant he would have to sentence Petitioner according to the applicable mandatory minimum term, whether it was ten years, twenty years, or life imprisonment, if he accepted Petitioner's plea. Id. Petitioner assured the judge that he understood these consequences of his plea. Id. The Court concludes that Petitioner's void-for-vagueness argument lacks merit and does not entitle him to relief.

**C. Certificate of Appealability**

9

Petitioner is a federal prisoner challenging his federal sentence under § 2241. As such, he is not required to apply for a certificate of appealability. See Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that the statutory provision requiring a certificate of appealability before a habeas petitioner may appeal the denial or dismissal of a habeas petition to the Court of Appeals does not apply to denials of relief in cases brought under § 2241 "where detention is pursuant to federal process").

### D. Leave to Proceed In Forma Pauperis

A court may grant leave to appeal in forma pauperis if it finds that an appeal is taken in good faith. Foster v. Ludwick, 208 F. Supp.2d 750, 764-65 (E.D. Mich. 2002) (citing 28 U.S.C. § 1915(a)(3) and Fed. R. App. 24(a)). "Good faith" requires a showing that the issues raised are arguable on the merits and are not frivolous; it does not require a showing of probable success on the merits. Id. The issues presented in this case are not totally frivolous; therefore, if Petitioner appeals this decision, an appeal could be taken in good faith, and he may proceed in forma pauperis on appeal without further authorization from this Court.

### III. CONCLUSION

For the reasons set forth above, the Court denies the petition for writ of habeas corpus (Dkt. 1) and grants leave to appeal in forma pauperis.

SO ORDERED.

Dated: June 29, 2018                   s/Mark A. Goldsmith
  Detroit, Michigan               MARK A. GOLDSMITH
                                     United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 29, 2018.

                                                  s/Karri Sandusky
                                                  Case Manager