# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: April 30, 2019

Mr. Lloyl Tennison
F.C.I. Milan
P.O. Box 1000
Milan, MI 48160

Ms. Patricia Gaedeke
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226

> Re:  Case No. 18-1934, *Lloyl Tennison v. J. Terris*
>      Originating Case No. : 2:17-cv-11447

Dear Mr. Tennison and Counsel:

   The Court issued the enclosed Order today in this case.

> Sincerely yours,
>
> s/Robin L. Johnson
> Case Manager
> Direct Dial No. 513-564-7039

cc:  Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 18-1934

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| LLOYL TENNISON,<br><br>       Petitioner-Appellant,<br><br>v.<br><br>J. A. TERRIS, Warden,<br><br>       Respondent-Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FILED**
Apr 30, 2019
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

O R D E R

Before: GUY, GIBBONS, and NALBANDIAN, Circuit Judges.

Lloyl Tennison, a federal prisoner proceeding pro se, appeals the denial of his 28 U.S.C. § 2241 petition. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Tennison was charged with conspiring to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, in the Central District of Illinois. He pleaded guilty to that offense and received the statutory minimum sentence of twenty years in prison based on the quantity of methamphetamine involved and his prior state conviction for possessing material used to manufacture methamphetamine. *See* 21 U.S.C. § 841(b)(1)(A). The Seventh Circuit affirmed his conviction and sentence. *See United States v. Sidell*, 553 F. App'x 619, 625 (7th Cir. 2014). Tennison then filed an unsuccessful 28 U.S.C. § 2255 motion in the Central District of

Illinois, and the Seventh Circuit denied him a certificate of appealability. *See Tennison v. United States*, No. 15-1113, 2015 WL 1540990 (C.D. Ill. Apr. 1, 2015).

After transferring to a federal facility in Michigan, Tennison filed his § 2241 petition, claiming that the state conviction used to determine his sentence no longer qualified as a "felony drug offense" for purposes of § 841(b)(1)(A) based on *Mathis v. United States*, 136 S. Ct. 2243 (2016). He also argued that the definition of "felony drug offense" was void for vagueness. *See* 21 U.S.C. § 802(44) (defining "felony drug offense"). The district court denied Tennison's petition because he could not challenge his sentence via § 2241 and because his claims lacked merit.

We review the denial of a § 2241 petition de novo. *See Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012). A federal prisoner cannot challenge the legality of his sentence—rather than the execution of his sentence—via a § 2241 petition unless he can satisfy § 2255's savings clause. *See Wooten*, 677 F.3d at 307; *see also* 28 U.S.C. § 2255(e). To satisfy that clause, he must "show that § 2255 provides an 'inadequate or ineffective' means for challenging the legality of his detention." *Wooten*, 677 F.3d at 307. More specifically, in the context of a sentencing challenge, a prisoner must show "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill v. Masters*, 836 F.3d 591, 595 (6th Cir. 2016).

Tennison does not make that showing. At bottom, his petition is predicated on *Mathis* applying to his case. But *Mathis* has no bearing on his case because "this court does not employ a categorical approach to determining whether a prior conviction constitutes a 'felony drug offense' for purposes of section 841(b)(1)." *United States v. Soto*, 8 F. App'x 535, 541 (6th Cir. 2001). Tennison's vagueness challenge also fails because it is not based on any retroactive case that he could not have relied on in his initial § 2255 motion.

No. 18-1934
- 3 -

We **AFFIRM** the district court's denial of Tennison's § 2241 petition.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk